Anna Moore, a single woman, who died on September 20, 1940, provided for the disposition of a part of her real and personal property in her last will and testament. Her will, however, failed to dispose of the residue of her estate. After this will was probated, a petition was filed by her second cousin, Ruth Jane Graham Disney, for determination of heirs of the deceased. This petition was denied by the probate court and mandamus was sought to compel such determination, but the writ was not granted. Ruth Disney, together with her sisters, Janette Grant and Lilly Cottingham, appealed to the circuit court for the purpose of having the probate order vacated. Her brother, William Graham, took no part in this litigation.
In the petition filed in probate court, Ruth contended that, other than the parties just named, Anna Moore left no surviving relatives within a closer degree of kinship. The record does not contain any of the probate proceedings, but it does disclose that Elsie Penny, Minnie Bonnell and Cornelius McDonald claimed to be the sole heirs at law and next of kin of the deceased. Although the sole issue presented by the appeal to the circuit court was the validity or invalidity of the order of the probate court, dated June 13, 1941, denying the application of Ruth Disney for a determination of heirs of Anna Moore, deceased, the trial judge submitted to the jury the following special question of fact:
"Did Anna Moore leave one or more first cousins surviving her at the time of her death?"
The jury answered this question, "No."
Appellees, who claim to be first cousins of the deceased, filed a motion for entry of judgment notwithstanding *Page 209 
the verdict of the jury, and for a new trial. At the hearing on these motions the circuit judge took the position that the only question for determination was the legal one of whether or not the probate court should have determined the heirs of Anna Moore, deceased, and that as to this question the jury "acted merely in an advisory capacity."
The trial judge stated in part as follows:
"From the testimony adduced at the trial it is my opinion that a determination of heirs should be granted in the probate court on proper petition.
"It is my further opinion that the question here presented concerns only the right of Ruth Disney to make application. This is a matter, which in my opinion, is not controlled by the answer of the jury to the special question submitted. The effect of this appeal to date is that, in my opinion, the order of the probate court denying the application of Ruth Disney for a determination of heirs should be reversed and vacated.
"The case may be remanded to the probate court for a determination of heirs or, if counsel will so agree and stipulate, this court will proceed to a determination of heirs on the theory that by statute and court rule jurisdiction rests in this court to proceed to such determination and enter such order or a judgment as the interests of justice demand. Counsel for all parties may express their approval of the alternative procedure within 24 hours."
After some colloquy, counsel for all the interested parties entered into an oral stipulation in open court that the circuit judge should determine the heirs rather than remand the matter to the probate court for such determination. An interlocutory order and *Page 210 
judgment was entered in the circuit court on November 28, 1941, to this effect.
On January 19, 1942, the parties were again in court for the purpose of having a determination of heirs, and considerable colloquy ensued between court and counsel as to the admission of testimony taken in the former hearing, and other matters. The trial judge apparently considered the procedure as a new trial of the matters involved in the probate appeal because, in denying a subsequent motion for new trial, on the ground of newly-discovered evidence, he said:
"The order of this court dated November 28, 1941, represented the agreement of all counsel that a determination of heirs should be had before this court. In effect, this court granted a new trial of the matters involved in the appeal for the reason that the answer of the jury to the special question of fact was contrary to the evidence."
In any event, at the new trial, witnesses testified, and the transcript of the testimony taken at the first trial was stipulated as a part of the record at the new trial. At the conclusion of the new trial the trial judge dictated an opinion from the bench in which he stated in part that:
"It is my final conclusion that Anna Moore left surviving kindred within the classification of first cousins the following: Mary Whitfield Bonnell, Elsie Penny, and Cornelius McDonald and these three comprising all of the first cousins of Anna Moore, deceased, were her closest surviving kin; as previously indicated, Anna Moore was not survived by any father, mother, grandparents, aunts, uncles, children or grandchildren."
Appellants' subsequent motion for a new trial was denied and a final order was entered remitting the cause to the probate court for further proceedings, *Page 211 
in accordance with the determination and adjudication that appellees were the sole heirs at law of the deceased.
Appellants' position before this court is that the circuit judge, after the return of a verdict by the jury, could not make a finding and determination contrary to such verdict; that the circuit judge erred in taking into consideration testimony given subsequent to that verdict, which testimony is not supplementary and in accordance with the verdict but in contradiction and negation thereof; that the matter of determination of heirs was not before the circuit court, and that appellants never waived their right to a jury trial.
Chapter 2, §§ 75 to 79, inclusive, of the probate code, Act No. 288, Pub. Acts 1939 (Comp. Laws Supp. 1940, §§ 16289-2 [75] to 16289-2 [79], inclusive, Stat. Ann. 1943 Rev. §§ 27.3178 [145] to 27.3178 [149], inclusive), which provide the procedure for determination of heirs, are, in substance, a re-enactment of 3 Comp. Laws 1929, § 15750 to § 15754, inclusive. Section 78 thereof reads:
"Whenever it shall be necessary for any other purpose to determine who the heirs at law of any deceased person are, or were, on the petition of any interested party, and on like proceedings as provided in the last 3 preceding sections, the court may make a determination thereof."
Appeals from the probate court are to the circuit court. Chapter 1, § 50, of the code provides in part as follows:
"The circuit court may reverse or affirm, in whole or in part, the sentence, order, or act appealed from, and may make such order thereon as the judge of probate ought to have made, and may remit the case to the probate court for further proceedings, or may make any other order therein as law and justice shall *Page 212 
require." (Comp. Laws Supp. 1940, § 16289-1 [50], Stat. Ann. 1943 Rev. § 27.3178 [50]).
Although "it was the right and duty of the probate court to determine the heirs," Peoples Savings Bank of Port Huron v.Post, 300 Mich. 627, 631, it was likewise the duty of the circuit court to make such order "as the judge of probate ought to have made."
The question presented in the circuit court was one of law only, namely, whether the probate court should have heard the petition for determination of heirs. Although a jury trial was demanded, there was nothing for the jury to consider. In considering this question, the circuit judge had the power to make a determination of heirs. Even though a special question was submitted to the jury, the circuit judge had the inherent power to grant a new trial, and after the new trial was granted there is not the slightest question but that all of the parties agreed that the circuit court should proceed to the determination of heirs. The record in respect to this stipulation of the parties by their respective counsel in open court occupies 6 pages of the printed record, from which we quote in part as follows:
"The Court: As I see it, first, a jurisdictional proposition. If you gentlemen representing the appellees agree to this, then I would say that you were barred from moving to dismiss the appeal on the legal question of whether Ruth Disney was entitled to a determination. Now, if you don't raise that question you have my opinion that the answer of the jury to the special question of fact in no way eliminates proof on all heirs and it is not conclusive on the question of the determination of heirs because, regardless of what you say, if there was any basis for the fact finding of a jury it went only to the question of your right to a determination and not the substance of the determination. *Page 213 
"Mr. Schultz: I would like to have clear on the record, so we don't have to put it off 24 hours. I have another case — I have two cases in court tomorrow. If we can get away here now I would like to clear that on the record so we won't have to make any further stipulation. Is that agreeable to the court?
"The Court: Certainly.
"Mr. Schultz: Is that agreeable to you?
"The Court: I understand your position to be that you will consent to this court proceeding to a full determination of heirs?
"Mr. Schultz: That is right.
"The Court: Disregarding all former testimony, and proceeding as though the matter was being first presented for proofs?
"Mr. Schultz: And rule by the court.
"The Court: Under the rules of the court.
"Mr. Schultz: That is right. * * *
"Defense Counsel: Are you prepared to state then you will acquiesce in this court determining heirs?
"Mr. Schultz: Yes.
"Defense Counsel: You feel the same on behalf of Mrs. Mann?
"Mr. Coulter: Yes.
"Mr. Graham: That is agreeable to Jennie Gardner.
"Mr. Buchanan: And also Elsie Penny."
The record also shows there were present the attorneys for the various parties, and that the Mr. Schultz referred to was Otto Schultz, attorney for the appellants. Appellants are bound by the stipulation on the record of their counsel in open court. We do not find in appellants' statement of questions involved any claim that the determination of the circuit court was contrary to law and against the weight of the evidence, although such claim was made on appellants' final motion for new trial in the circuit court; nor do we think such claim can be *Page 214 
made. Because of the state of the record, we have carefully examined all of the testimony and are satisfied that the trial judge's determination of heirs was correct.
The final judgment of the circuit court entered on January 22, 1942, is affirmed, with costs to appellees.
NORTH, C.J., and STARR, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.