LOVE *v.* WILSON.

1. EQUITY—MOTION TO DISMISS—PLEADING.
Well-pleaded allegations in a bill of complaint are accepted as true in determining whether or not a motion to dismiss the bill has been granted improperly.

2. SAME—PARTIES—RELIEF—INJUNCTION—DISCOVERY.
A bill to enjoin transfer and discovery, of securities, presently in possession of bank as security for loans made to partnership and which it is claimed were concluded without knowledge of or signature by plaintiff as required by partnership agreement with respect to financial transactions, alleged a cause of action for substantial, as distinguished from auxiliary, relief against the bank, hence, it was properly made, and should remain, a party to the proceedings in order to afford complete relief and protect itself.

3. SAME—JURISDICTION—DISCOVERY.
An appeal to equity for discovery is not alone and by itself a sufficient invocation of equity jurisdiction.

4. SAME—PARTIES—RELIEF.
It is wholly unnecessary that a bill, addressed to equity, must state, as at law, a cause of action against a defendant in order to name and make him a defendant, it being enough to show that his presence in the case as a defendant is requisite to providing full and complete relief with due adjustment in one suit of the rights and duties of all named parties growing out of or connected with the subject matter of the suit.

5. PARTIES—STATUTES—COURT RULES.
All persons having an interest in the subject of the action and in obtaining the relief demanded, may join as plaintiff, and any person may be made a defendant who has or claims an

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 852..
[4, 5] 39 Am Jur, Parties § 35.

interest adverse to the plaintiff, a rule set forth by statute which is fully effective, since not in conflict with any rule of court (CL 1948, § 612.10; Court Rule No 1, § 3 [1945]).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 5, 1956. (Docket No. 2, Calendar No. 46,773.) Decided September 4, 1956.

Bill by Davis M. Love against Ralph C. Wilson, Jr., and Teena K. Wilson to dissolve copartnership and determine interests therein, and against Ralph C. Wilson, Sr., to reach partnership property, with National Bank of Detroit, a Federal banking corporation, joined for purposes of discovery and conservation of assets. On motion, bill dismissed as to defendant bank. Plaintiff appeals. Reversed.

*Wurzer, Higgins & Starrs* (*John T. Higgins, John R. Starrs* and *Robert A. Macdonell,* of counsel), for plaintiff.

*Dickinson, Wright, Davis, McKean & Cudlip* (*Daniel J. Tindall, Jr.,* and *Wellington M. Watters,* of counsel), for defendant bank.

BLACK, J. Plaintiff's bill, filed in the Wayne circuit January 27, 1955, requests determination of respective interests in and decree for dissolution of D. M. Love Associates, a copartnership. The member partners according to the bill are plaintiff and defendants Ralph C. Wilson, Jr., and Teena K. Wilson. The defendant bank, as we shall presently rule, is a necessary party against whom the plaintiff alleges no right to substantial, distinguished from auxiliary, relief. A charge of fraud is placed by the bill against the defendant Ralph C. Wilson, Sr., but it is unnecessary to consider such phase of the case on present appeal.

The bank did not file an answer and moved that it be dismissed as a party defendant. The motion was granted by order. That order is here for review. We accept, of course, the well-pleaded allegations of the bill as true.

The bill alleges that the partnership agreement—effective July 1, 1951, and entered into between the 3 named partners for the purpose of carrying on oil and gas drilling operations—designated plaintiff as the operating partner and required his supporting signature as to all financial transactions of the partnership. It alleges further that at the outset partnership expenses exceeded the profits thereof; that a supplemental arrangement was consequently, made whereby the Wilson partners agreed to contribute to extent of operating losses; that such contributions were made without discord until September of 1953, at which time the Wilson partners claimed their funds were temporarily tied up; that the Wilson partners thereupon suggested borrowing from the defendant bank; that several loans were thereafter negotiated at the defendant bank; that such loans were secured by both partnership and Wilson-owned securities; that some of these loans were concluded absent knowledge or signature of plaintiff to the detriment of his interests, and that he is entitled to substantial relief in personam as against the defendants Wilson plus equitable subrogation in favor of the partnership with respect to the aforesaid securities that are alleged to be in possession of the bank.

*First:* The bill discloses that the defendant bank has in its possession, as collateral, certain securities constituting assets of the partnership and (this is alleged on information and belief) certain additional "Wilson collateral." It alleges in due form that equitable control of such securities and Wilson col-

lateral is necessary in order that complete relief in the case be duly decreed. As to such Wilson collateral the bill prays discovery and it asks preservation by injunction of all such partnership and individually-owned assets until decree is entered. That is enough to hold the bank, in court as a party, until equity is permitted to accomplish the purposes of her invoked jurisdiction—preservation first, discovery next, and disposition according to maxim last. Any other rule would clear the way for *pendente* release of a stakeholder with possible resultant loss of the whole or part of the involved subject matter.

We agree with the defendant bank that an appeal to equity for discovery is not alone and by itself a sufficient invocation of equity jurisdiction (*Austin* v. *Socony Vacuum Oil Co.*, 291 Mich 513; *Terranova* v. *Cottrell Block Construction Co.*, 302 Mich 417; *Baker* v. *Lansing Company*, 307 Mich 493; 30 CJS, Equity, § 136, p 569). But there is more here, shown to us by this bill. The bank is possessed of that which should be assured to the hand of the chancellor —partnership assets and other personal assets said by the bill to be involved—for appraisal and distribution according to the equity of the case. The bank, too, should be assured by decree that it is yielding its collateral protection to the right person or persons when it receives payment. Such is the bank's interest in the suit. It is substantial.

*Second:* The appellee's brief and decision below disclose a fundamental misconception of equity jurisdiction. It is wholly unnecessary that a bill, addressed to this side of the court, must state as at law a cause of action against a defendant in order to name and make him a defendant. It is enough that his presence in the case as a defendant is shown as requisite and necessary to equity's ultimate purpose—that of providing full and complete relief with due adjust-

ment in one suit of the rights and duties of all the named parties growing out of or connected with the subject matter of the suit. Pomeroy says (1 Pomeroy's Equity Jurisprudence [5th ed], § 114, p 153):

"Its (equity's) fundamental principle concerning parties is, that all persons in whose favor or against whom there might be a recovery, however partial, and also all persons who are so interested, although indirectly, in the subject matter and the relief granted, that their rights or duties might be affected by the decree, although no substantial recovery can be obtained either for or against them, shall be made parties to the suit.  *  *  *  The primary object is, that all persons sufficiently interested may be before the court, so that the relief may be properly adjusted among those entitled, the liabilities properly apportioned, and the incidental or consequential claims or interests of all may be fixed, and all may be bound in respect thereto by the single decree."

Our stated ruling and Pomeroy's treatment thereof are consistent in every respect with Michigan practice. Since our statute is not in conflict with any rule of court, it is a fully effective rule of practice by force of section 3 of present Court Rule No 1 (1945). It reads:

"In all equitable actions, all persons having an interest in the subject of the action and in obtaining the relief demanded, may join as plaintiffs, and any person may be made a defendant who has or claims an interest adverse to the plaintiff. *Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause.* Persons having a united interest must be joined on the same side as plaintiffs or defendants, but when any one refuses to join, he may for such reason be made a defendant." (CL 1948, § 612.10 [Stat Ann § 27.662].)

We agree, then, that the bill does not state a cause of action against the bank in the sense that substantial, distinguished from auxiliary, relief may on that bill be granted against it. We do hold that the bank's presence before the court as a party defendant is necessary to the jurisdictional function the bill invokes.

Reversed, with costs to plaintiff.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, BOYLES, KELLY, and CARR, JJ., concurred.