*In re* GRAY ESTATE.

GRAY *v.* GRAY.

1. ESTATES OF DECEDENTS—MARITAL STATUS OF DECEASED—EVIDENCE. Attorney for proponent of will and proponent, with whom testator was living at time of his death, both of whom knew that mother of testator's only child was the widow of testator by reason of final adjudication in Supreme Court of this State in proceeding for separate maintenance and that Nevada divorce decree he had obtained was invalid for lack of bona fide residence, were charged with knowledge of the rights that the widow might claim in the estate of the decedent.

REFERENCES FOR POINTS IN HEADNOTES

[1]   57 Am Jur, Wills § 151.
[2]   3 Am Jur, Appeal and Error § 1152 *et seq.*
[6]   5 Am Jur, Attorneys at Law § 250.

2. Courts—Circuit Court—Probate Court.

The circuit court on appeal from the probate court may reverse or affirm, in whole or in part, the order appealed from and may make such order thereon as the judge of probate ought to have made (CL 1948, § 701.50).

3. Estates of Decedents—Appeal to Circuit Court—Fraud Upon Court—Record.

The circuit court was not required to proceed to a determination of heirs on appeal from an order admitting proposed will to probate nor to make formal disposition of motion to dismiss the appeal, where the probate judge might have dismissed proponent's petition on the ground that it fraudulently concealed material facts and also falsely represented the status of the proponent, and record on appeal to such court showed decedent had a widow living who had not been served with notice of the hearing on the petition (CL 1948, § 701.50).

4. Courts—Fraud.

A court may always protect its own dignity and prevent using the court to perpetrate a fraud.

5. Appeal and Error—Circuit Court—Estates of Decedents—Petitions—Jurisdiction—Record—Widows.

Finding of circuit court that no valid petition had ever been filed to probate will of deceased and, hence, no jurisdiction conferred on the probate court in that the petitioner intentionally failed to disclose decedent left a widow and that no notice of hearing on the petition had been served upon the widow *held*, proper under record presented.

6. Attorney and Client—Investigation into Professional Conduct of Attorney by State Bar.

Recommendation that appropriate committee of the State Bar investigate professional conduct of attorney for proponent of will in matter of omission of name of widow of decedent from petition for probate of will, where both the attorney and proponent, by reason of previous separate maintenance proceeding, knew of final determination as to widow's status is made by Smith, Black, Edwards, Voelker, and Kavanagh, JJ., without expressing opinion on the merits of such charges or investigation.

Appeal from Livingston; Carland (Michael), J. Submitted April 8, 1959. (Docket No. 15, Calendar No. 47,945). Decided July 13, 1959. Rehearing denied October 12, 1959.

In the matter of the estate of Russell B. Gray, deceased. Anna Phillips Gray presented will which was admitted to probate. Upon appeal the proceedings were attacked by Laura B. Gray and Mildred R. Thompson because of improper petition and improper testimony as to heirs. Order of probate court vacated and petition to probate will dismissed. Proponent appeals. Affirmed. Investigation of professional conduct of proponent's attorney recommended.

*Davidow & Davidow (Larry S. Davidow,* of counsel), for proponent.

*August F. Brandt,* for contestants.

CARR, J. The material facts in this matter are not in dispute and are, in part, set forth in *Gray* v. *Gray,* 320 Mich 49. The appellee Laura B. Gray was married to Russell B. Gray in Pennsylvania in 1905. There was one child of the marriage, the appellee Mildred R. Thompson. Thereafter the parties moved to Detroit where Mr. Gray engaged in business with profitable results.

Some difficulty arising between the spouses, Mr. Gray went to Nevada in September, 1943, where he instituted divorce proceedings. The wife was served by registered mail, but did not enter an appearance. She did, however, institute a proceeding for separate maintenance in the circuit court for Wayne county under date of November 15, 1943. Prior to the hearing in said matter, and under date of December 10, 1943, Mr. Gray was granted an uncontested decree of divorce in Washoe county, Nevada. He then went through a marriage ceremony with the appellant in the present case, and on December 27, 1943, executed a will leaving the sum of $100 to his daughter and the balance of his property to appel-

lant whom he appointed as executrix of his will and referred to as his wife. Mr. Gray deceased May 30, 1957, and thereafter proceedings were instituted in the probate court of Livingston county by the petition of proponent for the admission of the will to probate.

The separate maintenance suit instituted by Laura B. Gray in the circuit court of Wayne county was duly brought on for hearing. It was contested on the basis of the Nevada decree of divorce previously granted to Mr. Gray. Under the proofs, however, the circuit judge hearing the matter concluded that such divorce was invalid because of the fact that Mr. Gray was not a bona fide resident of the State of Nevada. An order was made requiring him to make payments at the rate of $50 per week for the support of Laura B. Gray who was also given the exclusive use of the homestead of the parties, defendant being required to pay taxes and insurance thereon and to make necessary repairs. On appeal, this Court affirmed the order of the circuit court, in the case above cited, on the ground that Russell B. Gray did not acquire a bona fide domicile in Nevada, and, hence, that the decree there rendered was not entitled to full faith and credit in Michigan. In order to remove any doubt as to the effect of its action, the following statement was included (p 59) in the opinion of the Court:

"We are mindful of the fact that, in order to sustain a decree in an action brought under CL 1929, § 12794 *et seq.** (Stat Ann § 25.211 *et seq.*) we must hold that, so far as this State is concerned, plaintiff and defendant are still legally husband and wife, and we so hold."

Notwithstanding the decision of this Court as to the validity of the Nevada decree of divorce, Mr.

---

* Currently, CL 1948, § 552.301 *et seq.*—Reporter.

Gray and proponent continued to live together and to hold themselves out as husband and wife. Prior to the date of his death they became residents of Livingston county. The payments pursuant to the decree of separate maintenance were made in accordance therewith. Apparently appellant was named as a party defendant in said action because of certain possible property interests, and she and Mr. Gray were represented by the same attorney who prepared her petition for the probating of the will and who represents her in the pending case.

On behalf of appellees it is claimed that the petition for the probating of the will of Mr. Gray did not comply with statutory requirements. CL 1948, § 702.21 (Stat Ann 1943 Rev § 27.3178[91]), among other requirements, directs that:

"Such petition shall contain the name of the testator, his last domicile, the date of his death, the estimated amount of his property, real and personal, the date of the will, the names of the witnesses thereto, the name and address of the executor nominated under the will or the name and address of the person nominated for administrator with will annexed, together with the names, ages and addresses of all of the heirs, devisees, and legatees of the deceased, if known."

The petition filed by appellant in the probate court of Livingston county alleged that the heirs-at-law of the deceased were the daughter Mildred Thompson and proponent Anna Phillips Gray, referred to as the widow. No mention of Laura B. Gray was contained therein. She was not served with notice of the proceedings in probate court, nor did she appear therein either in person or by attorney. On the hearing of the petition proponent and her attorney both testified. It is apparent from the record made that each was well aware of the true

situation as to the marital status of proponent, and likewise of the fact that under the decision of this Court in the case above cited Laura B. Gray was the widow of decedent. Such being the situation, both proponent and her attorney were charged with knowledge of the rights that Laura B. Gray might claim in the estate of decedent.

Over the objections of counsel representing the daughter, the probate court entered an order admitting the will to probate and naming proponent as executrix thereof. Such order was entered on the 9th day of July, 1957, and on the same date an order was entered adjudging that the heirs-at-law of the deceased were the daughter and the proponent of the will, as alleged in the petition. On the same day, apparently after the judge of probate had indicated that he would enter the orders, objections to the admission of the will to probate were filed on behalf of the daughter. It was alleged in said objections that the instrument in question was induced by fraud and undue influence, and, also, that the petition for probate contained false representations of fact knowingly made, and was not in accordance with the statutes governing the proceeding.

Following the making of the orders referred to, Mildred Thompson and Laura B. Gray appealed to the circuit court of the county, asserting that said orders were erroneous because contrary to the law of the State and to the facts. On behalf of the proponent of the will, motion to dismiss the appeal was made. The circuit judge hearing the matter did not pass directly on the motion to dismiss, but disposed of the proceeding by finding on the basis of the record made in probate court and the decision of this Court in *Gray* v. *Gray, supra,* that the petition was false and fraudulent. that both proponent and her attorney had knowledge of the true facts, and that

they failed in their duty to set them forth for the information and guidance of the court. Based on such finding an order was entered vacating the orders of the probate court and dismissing the petition for the probating of the will. From such order proponent has appealed.

On behalf of appellant it is insisted that the trial court was in error in failing to make a specific disposition of the motion to dismiss the appeal and in entering the order vacating the probate court proceedings and dismissing the petition. The powers and duties of the circuit court on appeal from probate court orders were considered, in part, in *In re Moore's Estate,* 310 Mich 206. Attention was directed to the provisions of the statute now appearing as CL 1948, § 701.50 (Stat Ann 1943 Rev § 27.3178 [50]), which reads, in part, as follows:

"The circuit court may reverse or affirm, in whole or in part, the sentence, order or act appealed from, and may make such order thereon as the judge of probate ought to have made, and may remit the case to the probate court for further proceedings, or may make any other order therein, as law and justice shall require."

It was accordingly held that the circuit court had the authority to make a determination of heirs, the probate court having denied an application for such determination. The action of the circuit judge in reversing and vacating the order of denial, and remanding the case to the probate court was affirmed. See, also, with reference to the functions of the circuit court on appeal from orders of a probate judge, *Smolenski* v. *Kent Probate Judge,* 301 Mich 8.

In view of the facts established by the testimony taken before him the probate judge might have dismissed the petition of the proponent on the ground

that such petition fraudulently concealed material facts and also falsely represented the status of the proponent. Under the express provisions of the statute, above quoted in part, the circuit judge, when the matter came before him for disposition, had authority to do what the judge of probate might properly have done. On being apprized from the record before him, and by matters of which he could take judicial notice, with reference to the petition filed by proponent in probate court and the failure to serve notice on Laura B. Gray, the circuit judge was not required to proceed to a determination of the matter on the basis of the appeal, nor was he required to make formal disposition of the motion to dismiss. As a practical proposition said motion was obviated by the order entered.

In *Wright* v. *Simpson*, 200 Ill 56 (65 NE 628), the petitioner in the institution of probate proceedings knowingly omitted the name of an heir-at-law who was not given notice of the petition filed. The court held that, the omission having been intentional, such action was fraudulent, and accordingly the probate proceedings were vacated. Like conclusions were reached in *Floto* v. *Floto*, 213 Ill 438 (72 NE 1092), and in *Mosser* v. *Flake*, 258 Ill 233 (101 NE 540, Ann Cas 1914B, 425). Commenting on these decisions it was said in *Walker* v. *Cook*, 294 Ill 294, 298 (128 NE 584), that:

"A court may always protect its own dignity and prevent using the court to perpetrate a fraud."

The factual findings of the circuit judge in the instant proceeding were fully supported by the record made in the probate court, and the decision of this Court in *Gray* v. *Gray, supra.* His conclusion that no valid petition was ever filed and, hence, no jurisdiction was conferred on the probate court, was

proper. The order entered is affirmed, with costs to appellees.

DETHMERS, C. J., and KELLY, EDWARDS, and KAVANAGH, JJ., concurred with CARR, J.

VOELKER, J. (*concurring*). We concur in the result reached in the above case, and with most of the reasoning, but wish to go on record as questioning the suggestion contained in the last paragraph of our Brother's opinion that the probate court failed to gain "jurisdiction" of the proceedings because a necessary name was omitted from the petition for probate of the will. We think that the implication that the probate court never gained jurisdiction is both incorrect and unnecessary to a proper decision in the case. We have recently joined in certain minority opinions of this Court expressing our grave concern over both the wisdom and utility of such a casual and, in our view, dangerously loose questioning of basic jurisdiction in order to reach a result in a given case which is thought to be desirable, and there is no need to repeat what was said there. See dissenting opinions in *Fritts* v. *Krugh*, 354 Mich 97.

We also recommend that an appropriate committee of the Michigan State Bar initiate and undertake an investigation into the professional conduct of the attorney for the proponent in thus omitting under these circumstances the name of Laura B. Gray from the petition for probate of the will, which petition appears to have been drawn by him. In making this recommendation we are of course expressing no opinion on the merits of any such investigation.

SMITH and BLACK, JJ., concurred with VOELKER, J.

Kavanagh, J. (*concurring*). We concur in the opinion of Justice Carr and intend to sign that opinion as well as this one, but wish to go on record as recommending that an appropriate committee of the Michigan State Bar institute and undertake an investigation into the professional conduct of the attorney for the proponent as charged in the order of the circuit court filed August 19, 1958.

In making this recommendation we are, of course, expressing no opinion on the merits of such charges.

Edwards, J., concurred with Kavanagh, J.