GRAY *v.* BRANDT.

BRANDT *v.* GRAY.

REFORMATION OF INSTRUMENTS—COMPROMISE AND SETTLEMENT—PARTIES—PLEADING.

>   Cross bill in suit to reform a settlement agreement by defendants
>   therein against the plaintiff and her attorneys on ground that
>   the cross defendants were again attempting to perpetrate a
>   fraud theretofore attempted by a petition for probate of a
>   will in which the property involved herein was not included
>   as part of the decedent's estate, was properly dismissed as
>   to cross defendant attorneys on motion before trial, where it
>   was not alleged they had possession of any of the property,
>   it being unnecessary to have them as parties in order for
>   equity to afford full and complete relief to the parties, on
>   either side, entitled to the premises.

Appeal from Wayne; Baum (Victor J.), J. Submitted June 8, 1961. (Docket No. 31, Calendar No. 49,151.) Decided September 22, 1961.

Bill by Anna Phillips Gray against August F. Brandt, Laura B. Gray, Mildred Thompson, and Leroy Thompson, administrator of the estate of Russell B. Gray, deceased, to reform settlement agreements so as to terminate defendants' claims to certain properties. Cross bill asking damages arising from fraud in disclosures at time of settlement, and seeking relief from plaintiff's attorneys, Larry S. Davidow and Davidow & Davidow, a copartnership. Cross bill dismissed on motion as to cross

REFERENCES FOR POINTS IN HEADNOTES
39 Am Jur, Parties § 23.

defendants Davidow. Defendants and cross plaintiffs appeal. Affirmed.

*August F. Brandt,* for defendants and cross plaintiffs.

*Davidow & Davidow* and *Anne R. Davidow, in propriae personae,* for cross defendants Davidow.

DETHMERS, C. J. The question in this case is whether the trial court erred in holding, on motion and before trial, that cross plaintiffs' cross bill of complaint should be dismissed as against cross defendants Larry S. Davidow and his law firm, Davidow & Davidow, because of failure to state an equitable cause of action against them or allege facts showing that their presence in the case is necessary to providing full and complete relief in the premises to parties entitled thereto, relating to the subject matter of the suit. We think the trial court was correct.

This case has its genesis in the facts involved in *In re Gray Estate,* 356 Mich 677. In that case this Court affirmed the decision of the circuit court dismissing the petition of Anna Gray, prepared by her attorney, Larry Davidow, for probating of the will of Russell B. Gray on the ground that the petition was false and fraudulent in that both petitioner and her attorney knew, but failed to disclose in the petition, that Laura B. Gray was the widow of Russell Gray at his death and, as such, had an interest in his estate. At about that time, Laura Gray had also commenced a chancery action against Anna Gray and Larry Davidow, her attorney, charging them with a conspiracy to defraud her by concealing the fact that certain pieces of real estate and property once belonging to Russell Gray, but to which legal title had been conveyed in his life-

time to Anna Gray, actually belonged to him then and at his death, and seeking to have those properties decreed to be part of his estate. In settlement of the will contest and the chancery action 2 settlement agreements were entered into by the parties. Under these Anna conveyed one of the pieces of real estate to Laura and her daughter and Laura agreed to dismiss her chancery action with prejudice and withdraw all claims and charges made against defendants therein. Also, Anna agreed to pay Laura and daughter certain cash for which they agreed to release any claim to a house trailer belonging to Russell. These agreements were carried out.

Subsequently the administrator of Russell's estate, being Laura's son-in-law, undertook certain actions with respect to property which Anna claimed had never belonged to Russell but always had been hers. Although this property had been mentioned in Laura's bill of complaint in her chancery action, it was not referred to in the settlement agreements, perhaps because of Anna's assurance that it never had belonged to Russell. Anna then commenced this action in chancery seeking reformation of the settlement agreements to expressly provide that said property was hers. Laura, her daughter, and her son-in-law, individually and as administrator, were made defendants, as was Laura's attorney, August F. Brandt, on the ground that he had become a third-party beneficiary of the settlement agreements. The defendants filed a cross bill charging Anna and her attorney, Larry Davidow, and his law firm, Davidow & Davidow, with attempting, by this action, to again perpetrate the fraud attempted in the petition for admitting the will to probate as above mentioned. The prayer is for an award of such sum of money as will reimburse cross plaintiffs for costs incurred in defending this action and other expenses or damages caused by cross defendants' wrongful actions.

The cross bill does not allege, nor has it been asserted by anyone in any of the related proceedings, that there is any right or claim of right in any of the properties involved in Larry Davidow or his law firm or that they have had any connection therewith or with the subject matter of this suit, except as attorney for Anna. They are not necessary parties to a decree affecting any of the property rights involved. No cause of action has been stated against them. Their presence in the case is not shown, so far as the allegations of the cross bill are concerned or otherwise, to be requisite or necessary to equity's ultimate purpose of providing full and complete equitable relief to the parties, on either side, entitled thereto in the premises. See *Love* v. *Wilson,* 346 Mich 327. The instant case is distinguishable from the latter in that here the Davidows are not, as was the dismissed defendant in *Love,* alleged to have possession of any of the property involved.

Affirmed, with costs to the mentioned cross defendants.

CARR, KELLY, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.