GRAY *v.* BRANDT.

1. REFORMATION OF INSTRUMENTS—COMPROMISE AND SETTLEMENT—RECORD.

Action of trial court in suit to reform agreement compromising and settling, before trial, litigation between plaintiff, whom deceased had designated as his wife, and defendants, his real widow, her daughter, and attorney for the other defendants, dismissing the suit as to the attorney and the daughter *held*, justified by record.

2. SAME—COMPROMISE AND SETTLEMENT—ESTATES OF DECEDENTS.

Reformation of compromise agreement between plaintiff, whom deceased has designated as his wife, and defendant, deceased's real widow, whereby agreement was reformed to include an award to plaintiff of all the assets of a certain manufacturing concern located on certain property so as not to be available as an asset of the decedent's estate which was being sought by defendant and cross plaintiffs, the real widow and her son-in-law, as administrator of the decedent's estate, is approved, where evidence showed plaintiff was clearly intended to be entitled to such asset under the agreement.

Appeal from Wayne; Kaufman (Nathan J.), J. Submitted October 4, 1962. (Docket No. 22, Calendar No. 49,689.) Decided December 3, 1962.

Bill by Anna Phillips Gray against August F. Brandt, Laura B. Gray, Mildred Thompson, and Leroy Thompson, individually and as administrator of the estate of Russell B. Gray, deceased, to reform settlement agreement by which prior litigations were terminated. Cross-bill by defendants against plaintiff and her attorneys for damages. Action dismissed as to defendants Brandt and Mildred Thomp-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 45 Am Jur, Reformation of Instruments § 15 *et seq.*
[2] 11 Am Jur, Compromise and Settlement § 32.

son.   Decree for plaintiff.   Cross-bill dismissed.
Defendants Laura B. Gray and Leroy Thompson,
administrator, appeal.   Affirmed.

*Davidow & Davidow,* for plaintiff.

*August F. Brandt,* for defendants Laura B. Gray
and Leroy Thompson, administrator of the estate of
Russell B. Gray, deceased.

KELLY, J.   Plaintiff, Anna Gray, filed her bill of
complaint alleging that on April 5, 1960, she entered
into property settlement agreements with defendants
Mildred Thompson and Laura B. Gray, in which
agreements defendant August F. Brandt represented
defendants Mildred Thompson and Laura B. Gray
as their counsel; that said settlements grew out of a
chancery action in the circuit court of Wayne county
and a will contest case in Livingston county circuit
court; that in the bill of complaint in the Wayne
chancery action Laura B. Gray set up her claims in
reference to the Annruss Manufacturing Company, a
business conducted by plaintiff in Brighton, Michi-
gan; that the settlement agreements were arrived at
with the understanding that all matters contained in
the chancery bill were amicably disposed of, includ-
ing everything having to do with the Annruss Manu-
facturing Company; that prior to the negotiations
plaintiff had sold all the machinery and equipment of
the Annruss Manufacturing Company, a business
which she had operated, and that defendants knew
of this sale before the final negotiations for settle-
ment; that pursuant to the settlement agreements
she executed a warranty deed and paid $2,600 as
provided; that in spite of the fact Leroy Thompson
knew of all the contents of the settlement agreements,
including those pertaining to the Annruss Manufac-
turing Company, when subsequently he was appoint-

ed administrator of the estate of Russell B. Gray, he made a claim that the Annruss Manufacturing Company assets belonged to the estate of Russell B. Gray, deceased; that all of the defendants were actively participating in what now is apparently the perpetration of fraud upon the plaintiff, they having obtained the aforesaid settlements with the now obvious intention not to honor or live up to the agreements; that said defendant Leroy Thompson, individually and as administrator of the estate of Russell B. Gray, deceased, was and is acting as the agent of Laura B. Gray, his mother-in-law, and Mildred Thompson, his wife, and is attempting to excuse his actions on the ground that he is an officer of the court by reason of having been appointed administrator of the estate of Russell B. Gray, deceased.

We quote the following from the court's opinion granting plaintiff's prayer to reform the settlement agreements:

"This court has gone into this matter carefully and at the conclusion of the case granted the motion of defendants to dismiss as to defendant August F. Brandt and Mildred Thompson. * * *

"In reading the various bills of complaint, cross-bills of complaint, sworn answers, appeals, it seems obvious to this court that the purpose of the settlement in Wayne county circuit court case No 575–857 was to settle, once and for all, all matters in dispute, especially those matters specifically mentioned in the bill of complaint, and the sworn answer in case No 575–857, because they went so far as to expunge any records as to fraud. * * *

"This court has often said that settlements made in good faith should be upheld; therefore, we are granting plaintiff's prayer to reform the settlement agreement of April 6, 1960, that all the assets of the Annruss Manufacturing Company should go to the plaintiff and dismiss the cross-bill of complaint."

Appellants present 2 questions, namely:

"1. Is appellee, under the guise of reformation of a settlement agreement with one heir, entitled to have the ownership of personal property, not mentioned therein, which an administrator, subsequently appointed, claims is owned by his decedent, decreed to be in her, without any proof whatever of her actual ownership thereof?"

"2. Is an administrator estopped from claiming personal property on behalf of his decedent's estate, because prior to his appointment, he became aware such personal property had been sold after the death of his decedent by one having possession thereof?"

Anna Gray was designated as the wife of Russell B. Gray in his will and she filed a petition in the Livingston county probate court, but, because no notice of hearing on this petition was served upon the real widow, Laura Gray, this Court in *In re Gray Estate,* 356 Mich 677, sustained Judge Carland in refusing to recognize that a valid petition had been filed.*

Plaintiff in this case (Anna Gray) filed another petition in the Livingston county probate court as the alleged heir of the late Russell B. Gray. The defendant in this case (Laura Gray) then filed her chancery action (Wayne county circuit court case No 575–857) naming Anna Gray and her attorney, Larry S. Davidow, as defendants, claiming said defendants conspired to conceal the true ownership of property belonging to Russell B. Gray, thus defrauding plaintiff as legal widow and heir-at-law of Russell B. Gray.

Paragraphs 35, 36, and 40 of Laura Gray's bill of complaint state as follows:

"35. That plaintiff has been reliably informed and therefore believes, a business generally known as 'Annruss Manufacturing Company', not incorporat-

---

* For further background and as to the relationship of the defendant Laura B. Gray and the deceased Russell B. Gray see, also, *Gray* v. *Gray,* 320 Mich 49.—REPORTER.

ed, or legally registered under such assumed name in accordance with the statutes in such case made and provided, located on north US–23, Brighton, Michigan, was fully equipped with machinery, tooling and office equipment with funds belonging to said Russell B. Gray, and thereafter conducted in a building constructed by said Russell B. Gray for such purposes on lots 679, 680 and that part of lots 677 and 678 west of US–23 of Brighton Country Club Subdivision, Livingston county, Michigan, title to which is recorded in the name of defendant Anna Phillips Gray, as aforesaid.

"36. That after all such aforesaid property, real and personal, was acquired, and up to the time of the death of said Russell B. Gray on May 30, 1957, all of said property, real and personal, was always listed in the name of said Russell B. Gray on the tax rolls of Livingston county, Michigan, and said Russell B. Gray paid all such taxes, as well as the entire cost of all improvements thereto, and all maintenance charges."

"40. That defendant Anna Phillips Gray does not personally own any of such aforesaid property, but has at all times heretofore held title to all such property in constructive trust for said Russell B. Gray, and all such aforesaid property is now rightfully a part of the estate of Russell B. Gray, deceased."

During pretrial, Circuit Judge Joseph A. Moynihan, suggested that because there were equities on both sides the parties should arrive at a settlement, and this resulted in the property settlement agreement of April 6, 1960, as follows:

"Whereas, the parties hereto, upon the recommendation of Judge Joseph A. Moynihan that they attempt to arrive at an amicable settlement of the controversy, have now agreed upon such a settlement, which they deem just and equitable to all concerned in the premises;

"Now, therefore, in consideration of the mutual covenants hereinafter set forth, it is expressly agreed by and between the parties hereto as follows:

"1. That the plaintiff will dismiss the above entitled suit against the defendants with prejudice and without costs to any party and she will withdraw all charges and claims of fraud and/or conspiracy to defraud, and any and all other charges and claims of whatsoever kind, nature and description heretofore made by her against the said defendants in said cause.

"2. That the defendants individually expressly agree to waive and release any and all claims whatsoever, arising in any way out of this controversy or any other controversy, which they may now have against plaintiff, her daughter, Mildred Thompson, her son-in-law, Roy Thompson, or any of the plaintiff's attorneys and counselors of record in this or any other cause.

"3. Defendant Anna Phillips Gray will convey and warrant to plaintiff all her right, title and interest in and to the following described premises, together with the buildings thereon and equipment therein, situated in township of Brighton, Livingston county, Michigan, to-wit:   *   *   *   (description).

"4. It is understood and agreed that the settlement herein set forth is in full and complete satisfaction of any and all claims of every nature whatever plaintiff may have as heir-at-law of Russell B. Gray, deceased, to any of the following described property, situated in the townships of Hamburg and Brighton respectively, Livingston county, Michigan, to-wit: *   *   *   (description).

"5. It is further understood and agreed that plaintiff and her attorney of record will join in a stipulation to have the records in the above entitled court and cause expunged of all charges and claims of fraud and/or conspiracy to defraud, and any and all other claims and charges of whatsoever kind or nature heretofore made by plaintiff against said defendants in said cause.

"6. It is further agreed and understood that an order may be entered by the court in pursuance of such stipulation."

This agreement was signed by the parties to the chancery action. A stipulation, signed by plaintiff and defendants and their attorneys, was filed in the Wayne county circuit court, and Judge Chester P. O'Hara dismissed the cause "without costs to any party and with prejudice."

At the same time the agreement was prepared for the chancery action in Wayne county, appellant Laura Gray's attorney, August F. Brandt, prepared a settlement agreement for the action pending in Livingston county, by which appellee agreed she would not probate the will, and that either appellant or Mildred Thompson might file whatever petitions they desired to probate.

In regard to the settlement, Anne Davidow testified that after Mr. Brandt and Mr. Thompson inspected the Brighton properties Mr. Brandt informed her they had decided on the cleaning establishment property on Grand River, in Brighton, and asked her to prepare settlement agreements for both cases, which she did, and sent to Mr. Brandt; that Mr. Brandt called her and told her that Mrs. Gray was satisfied but said "he had to have something for Mildred. And I said, Mildred, under the will, was only to get a hundred dollars, and after all she is the only heir of Laura Thompson (sic) and when her mother goes she will get everything anyway. He said, Mildred wants something now, she thinks she should have something, how about that trailer? And I said, I don't know. I will have to find out from Mrs. Gray, Anna Gray and see how she feels about it"; that after conferring with her client, Anna Gray, she got in touch with Mr. Brandt and they both verified the book value of the trailer at $2,600

and it was agreed that it was to go to Mildred, in addition to the cleaner property and the lots to Laura Gray; that the chancery court agreement and the Livingston county circuit court agreement were a 1-package, a 1-deal settlement, submitted and signed at one time, to bring to an end all disputes between the parties, including Mildred Thompson; that in regard to the provision that appellant or Mildred might file a petition to probate, she asked Mr. Brandt what assets he was looking for and he told her "they thought there might be some insurance or something of that sort."

Anne Davidow's testimony was not refuted, as neither Mildred Thompson or Mr. Brandt testified.

Defendants called to the stand Laura Gray and Leroy Thompson.

Laura Gray testified that she read the Wayne chancery court settlement agreement and refused to sign the first draft, but that she read the final draft and talked it over with her attorney, Mr. Brandt, and was fully advised of the contents of same before she signed that agreement, and that the same was also true in regard to the Livingston county circuit court agreement; that she understood the agreement included the Annruss Manufacturing Company, but was also of the opinion that she would have the right to ask for further proof from appellee if she ever so desired; that she signed the petition to have Leroy Thompson appointed as administrator but she did not give him any instructions.

Leroy Thompson, who was appointed administrator after the property settlements in question were executed, testified that defendant Laura Gray is his mother-in-law and that her daughter, Mildred Thompson, is his wife, and that he and his wife have lived with his mother-in-law in her home since 1938 and that during the 23 years they have lived together in the same home in a harmonious, pleasant

manner, without discord; that he was unemployed when he was appointed administrator; that he had no interest in the estate of Russell B. Gray before he became administrator but accompanied attorney Brandt when he argued the case in the Michigan Supreme Court and that he repeatedly accompanied Mr. Brandt to Mr. Davidow's office; that he was not representing Mr. Brandt or his mother-in-law on these occasions and was not paid for his service; that he never informed his mother-in-law in regard to his activities as administrator; that he didn't know why he accompanied Mr. Brandt to Brighton to look over the Annruss Manufacturing Company and the other properties; that he couldn't recall how it came about that he was there on that occasion, and he couldn't recall anybody talking to him about it and that "it was interesting to me to know some things that would gain me knowledge and, naturally, I knew the incident was in existence, but of no interest to me"; that he couldn't say whether it was 1 month, 6 months, or a year before the execution of the agreements that he knew of efforts to negotiate a settlement between his mother-in-law and Anna Gray.

On 2 different occasions while Leroy Thompson was testifying, the court told him he was not telling the truth and threatened him with contempt of court.

Both Mr. Davidow and Mr. Brandt orally argued this appeal before our Court, and in the course of the argument Mr. Davidow, after calling attention to the fact that Mr. Thompson was present in Court during the argument, stated that he was repeating an offer that had been previously made, namely, that if appellants were not satisfied with the circuit court's determination that under the property settlement the Annruss Manufacturing Company property belonged to appellee, then appellants could eliminate the agreement, with the consent of appellee,

by Laura Gray deeding back to appellee the Brighton property, valued at more than $30,000, which had been deeded to her pursuant to said property settlement agreement. There was no refutation of this statement by Mr. Davidow, nor an acceptance by Mr. Brandt or Mr. Thompson of the offer so made.

Appellee challenges appellants' statement of questions involved (heretofore set forth in this opinion) and calls to this Court's attention the fact that at the outset of the trial below the following agreement as to proceedings was entered into between the court and Mr. Brandt:

"*The Court:* All right. Are you willing to go on the word 'reformation' the way you said it, that by reforming I can include things in it?

"*Mr. Brandt:* Yes —

"*The Court:* I don't think I have that power.

"*Mr. Brandt:* I think the court, in a court of equity, would have the power to reform to include the Annruss Manufacturing Company.  *  *  *

"*The Court:* But I don't want the point raised later on. That is the only reason I want it clear now.  *  *  *  I don't want the point raised in view of the multiple litigations in this suit. I don't want the question raised again. I just want to clarify it, that's all.

"*Mr. Brandt:* Certainly wouldn't be my intention to raise it.  *  *  *  I don't think the word, interpretation, means anything. If the court feels that it would be justified in interpreting this agreement to include the Annruss Manufacturing Company, I see no objection. I think that's the issue involved in the case, regardless what words use it, they still come back to the same terms."

No creditor is involved. Laura Gray and Mildred Thompson are the only heirs. At the time of the agreement all parties knew that plaintiff was the owner of the land and building that had been used by the Annruss Manufacturing Company and, also,

that all machinery had been sold. Defendant Laura Gray obtained undisputed title to the dry cleaning establishment and lots by virtue of the agreement. We conclude that administrator Leroy Thompson was interested in his mother-in-law's claims and was advised as to what had preceded the settlements and his appointment as administrator, and, further, that his wife, Mildred Thompson, is estopped to complain of the court's decision.

The opinion and decree of the trial court is justified by the record. Affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.