PEOPLE v DANIELS

Docket No. 56703. Decided August 19, 1975.

James Daniels was charged with unarmed robbery committed while on bail pursuant to personal bond, and a surety bond was required for bail, which he was unable to furnish. After he had been incarcerated for more than six months, the Court of Appeals ordered that he be tried within ten days or released on his own recognizance. The people apply for leave to appeal. *Held:*

The statute requiring a cash or surety bond for bail of one charged with a crime alleged to have occurred while he was on bail pursuant to a personal bond (MCL 765.6a; MSA 28.893[1]) takes precedence over the court rule requiring release on personal recognizance of one incarcerated more than six months to answer for a felony charge (GCR 1963, 789.2).

Court of Appeals reversed and remanded for reinstatement of surety bond.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training, and Appeals, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

Defender's Office-Legal Aid and Defender Association of Detroit, by *Steven Fishman,* for defendant.

MEMORANDUM OPINION. Defendant was bound over to Recorder's Court on February 22, 1974 to stand trial for larceny from a person and on March 28, 1974 was released on a $1,000 personal bond. On June 4, 1974 defendant and three others allegedly robbed a man coming out of a store; defendant was arrested, arraigned on a charge of

unarmed robbery, and remained incarcerated, being unable to post a $5,000 surety bond which had been ordered.

Because of court docket congestion, numerous trial dates were set and adjourned, and defendant is still awaiting trial. Unable to obtain a bond reduction from the trial court, defendant filed an application for emergency leave to appeal with the Court of Appeals which, on February 12, 1975, denied leave but remanded to the trial court:

"with directions that defendant be brought to trial within 10 days after entry of this order, or in the alternative, that defendant be released on his own recognizance to await trial."

Defendant was released on $1,000 personal recognizance on February 21, 1975 and the prosecutor filed the instant emergency application for leave to appeal and motion for immediate consideration challenging that disposition by the Court of Appeals.

Pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, the Court hereby vacates the aforementioned order of the Court of Appeals and remands the case to the trial court for reinstatement of defendant's originally ordered surety bond. MCLA 765.6a; MSA 28.893(1), provides that a cash or surety bond will be required of bail applicants who are charged with crime alleged to have occurred while they were already free on a personally executed bond. We have concluded (cf. Perin v Peuler [On Rehearing], 373 Mich 531, 541; 130 NW2d 4 [1964]) that this statute should be given precedence over GCR 1963, 789.2 which provides for release on personal recognizance for persons incarcerated for six months or more to answer for the

same felony charge, or a crime arising from the same criminal episode or transaction.

T. G. Kavanagh, C. J., and Williams, Levin, M. S. Coleman, J. W. Fitzgerald, and Lindemer, JJ., concurred.

Swainson, J., took no part in the decision of this case.