PERIN v. PEULER.

1. Automobiles—Negligence in Permitting Unfit Person to Operate Car.

The rule that an owner of an automobile may be guilty of negligence in entrusting the car to one unfit to operate it is not confined to an action wherein the relation of employer and employee is concerned, but extends to the parent and child if the latter is unfit to operate the car.

References for Points in Headnotes

[1] 5A Am Jur, Automobiles and Highway Traffic §§ 580–583.
Common-law liability based on entrusting automobile to incompetent, reckless, or unlicensed driver. 168 ALR 1364.
[2] 14 Am Jur, Criminal Law § 8.
[3] 5A Am Jur, Automobiles and Highway Traffic §§ 581, 945, 947.
Common-law liability based on entrusting automobile to incompetent, reckless, or unlicensed driver. 168 ALR 1364.
[4] 5A Am Jur, Automobiles and Highway Traffic §§ 582, 893.
5 Am Jur 2d, Appeal and Error §§ 876–879.

2. WORDS AND PHRASES—CONVICTION.

> Conviction is a judgment with regard to an occurrence that has taken place.

3. EVIDENCE—CONVICTION—BAD DRIVING RECORD—CONSTRUCTION OF STATUTES.

> Statute stating that no evidence of a "conviction of any person for any violation * * * pertaining to the use of motor vehicles shall be admissible in any court in any civil action" is not to be construed so broadly as to bar evidence other than of convictions, of past occurrences such as revocation of a driver's license, a whole series of past accidents showing a lack of fitness of the person to operate the car and that the owner, having knowledge of the operator's lack of capacity, allowed him to operate it (CLS 1956, § 257.731).

4. AUTOMOBILES—PAST BAD DRIVING RECORD—EVIDENCE.

> Denial of amendment to declaration so as to permit introduction of proof of past bad driving record of defendant minor, operator of automobile owned by his father and who would be liable if the operator negligently caused plaintiff's injuries, *held*, reversible error, since it operated prejudicially to plaintiff, where made after pretrial hearing but before trial (CLS 1956, § 257.731).

CARR, C. J., and DETHMERS and KELLY, JJ., dissenting.

Appeal from Kent; Hoffius (Stuart), J. Submitted December 7, 1962. (Calendar No. 111, Docket No. 49,783.) Decided February 7, 1963. Rehearing granted June 3, 1963.

Case by Florenda Perin against Henry Peuler, Sr., and Henry J. Peuler for personal injuries suffered in automobile collision. Motion to amend declaration to incorporate charge of actionable negligence against owner of automobile denied. Plaintiff appeals. Reversed and remanded.

*Mitts, Smith & Haughey* (*Sherman H. Cone,* of counsel on application for rehearing), for plaintiff.

*Cholette, Perkins & Buchanan* (*Grant J. Gruel,* of counsel), for defendants.

Black, J. This case was regularly assigned to former Justice Adams. Prior to his leaving the bench the following opinion, which I adopt, was prepared by him and submitted to other members of the Court.

Plaintiff, a passenger in an automobile, suffered serious injuries when the car in which she was riding collided with one owned by defendant Henry Peuler, Sr., and operated by defendant Henry J. Peuler, his minor son.

The declaration alleged specific acts of negligence and violations of the motor vehicle code on the part of defendant Henry J. Peuler. Liability on the part of Henry Peuler, Sr., was claimed solely on the basis of imputation of the driver's negligence under the ownership liability statute.

The pretrial statement indicated that the pleadings were complete and the case was at issue.

Subsequently the plaintiff procured the driving record of the minor son and thereupon moved to amend her declaration to incorporate a specific charge of actionable negligence on the part of Peuler, Sr., defendant-owner, in entrusting his vehicle to a driver known by him to be incompetent by reason of his past bad record. The court denied the motion, stating:

"I am usually of the opinion that a motion such as this, to amend the pleadings should be granted, providing it does not prejudice the rights of defendant, even though the case is at issue, and pretrial has been held. It appears that any amendment at this stage of the proceedings would usually permit opposing counsel to adequately prepare to meet the amended pleading. However, in this case, the purpose of the proposed amendment appears to be solely that of introducing a driving record which would influence the jurors' decision in connection with the alleged negligence of defendant driver.

CLS 1956, § 257.731 (Stat Ann 1960 Rev § 9.2431), specifically provides that no evidence of the conviction of a driver for a violation under that chapter or of a local ordinance shall be admissible in any court in a civil action.

"The proposed amendment goes only to the liability of defendant-owner who will be liable as owner if defendant-driver was negligent in the operation of his automobile. It appears, therefore, that the sole purpose of the proposed amendment is only to bring in the driving record of defendant-driver and thereby influence the jury. Since defendant has admitted that the car was being driven with the knowledge and consent of defendant-owner, the defendant-owner will be liable if defendant-driver is negligent."

In *Elliott* v. *A. J. Smith Contracting Co., Inc.,* 358 Mich 398, it was held in an action against a contracting company that the company might have been guilty of negligence in entrusting a motor vehicle to an employee unfit to be at the wheel. In that case the plaintiff was allowed to go to the jury on this theory, the action being solely against the employer and not against the employee truck driver. We do not conceive the rule there laid down to be confined solely to the employer-employee relationship. The negligence therein alleged might also occur between a parent and child if the child was unfit to be at the wheel. If the present action had been directed solely against the parent, and the child had not also been joined as a defendant, there would be no distinction between *Elliott* and this case.

The problem arises when we consider the provisions of CLS 1956, § 257.731 (Stat Ann 1960 Rev § 9.2431), which reads as follows:

"No evidence of the conviction of any person for any violation of this chapter or of a local ordinance

pertaining to the use of motor vehicles shall be admissible in any court in any civil action."

Is the language of the statute so broad as to bar all evidence with regard to a driver's past actions? We think not. The statute directs itself to "evidence of the conviction" and nothing further. Conviction implies, and, in fact, is *a judgment* with regard to an occurrence that has taken place. This is undoubtedly the reason for the statutory prohibition. However, *the facts* of past occurrences are not barred by the statute. Neither would the results flowing therefrom such as revocation of a driver's license, *Elliott* v. *A. J. Smith Contracting Co., Inc., supra,* but only "evidence of the conviction."

Conceivably, a whole series of past accidents or other events might be shown if they were of such a nature as to lead to the conclusion that the son was unfit to be at the wheel and the father allowed him to drive, having knowledge that this was so. Liability under such a situation is no more unusual than the liability that might result from entrusting a car to a drunken man or a loaded pistol to an infant.

We think it clear that the prohibition of the statute is not as broad as it was construed to be by the trial judge. This is not a case where the motion to amend is denied simply because, in the opinion of the trial judge, the case has progressed so far that, as a matter of fairness, the motion should be denied. In such a situation we ordinarily would not interfere with the trial judge's discretion. Here, however, it was conceded at the time the motion to amend was made that the case was in such a posture that the motion would ordinarily be granted. The motion was denied due to a mistaken construction of the substantive law which led to the conclusion that the rights of one of the defendants would be prejudiced. We have seen that this is not the case. Moreover,

the rights of the plaintiff were prejudiced in that the plaintiff was prevented from presenting to the jury all of his theories of the case consonant with the facts that could be developed upon trial. The trial court was in error. Its decision denying the motion to amend is vacated. The motion is granted. The matter is remanded for further proceedings in accordance with this opinion. Costs to appellant.

KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred with BLACK, J.

KELLY, J. (*dissenting*). Appellant's contention that the trial judge's ruling is contra to *Elliott* v. *A. J. Smith Contracting Co.*, 358 Mich 398, is without merit, and Justice BLACK's opinion (hereinafter referred to as the "opinion") would allow the introduction of evidence of the defendant driver's participation in previous accidents contrary to the statute. I, therefore, dissent.

After the case was at issue and after the pretrial conference, plaintiff sought leave to amend her declaration by adding the following paragraph:

"That a further proximate cause of said collision was the negligence of defendant Henry Peuler, Sr., in permitting defendant Henry J. Peuler to operate his aforesaid vehicle, when he knew that said Henry J. Peuler had been guilty of repeated traffic violations, had been involved in prior accidents, and had, shortly prior thereto, undergone a temporary suspension of his operator's license for habitual negligence."

The statute (CL 1948, § 616.1 [Stat Ann § 27.838]) provided that the trial court may permit amendments "for the furtherance of justice, on such terms as shall be just."*

---

* See revised judicature act of 1961 (CL 1948, § 600.2301 [Stat Ann 1962 Rev § 27A.2301]).—REPORTER.

Appellant contends that the court's failure to follow *Elliott* v. *A. J. Smith Contracting Co., supra,* constitutes a clear failure to exercise discretion, if not, in fact, an abuse of discretion.

The majority opinion in *Elliott* (the writer of this opinion wrote the dissenting opinion) was based on servants, agents, and employment of improper persons, and the majority opinion discloses that it was not an opinion deciding a question such as is presented in this appeal, as is evidenced by the following quotation from that opinion (pp 413, 414):

"Appellant claims that the admission of evidence concerning its employee's past driving record violated the following Michigan statute:

" 'No evidence of the conviction of any person for any violation of this chapter or of a local ordinance pertaining to the use of motor vehicles shall be admissible in any court in any civil action.' (CLS 1956, § 257.731 [Stat Ann 1957 Cum Supp § 9.2431].) The above statute has not been previously construed by this Court.

"Even though we were to assume, without deciding, that in a negligence action against the driver himself, evidence of the type mentioned, *supra,* is 'evidence of the conviction' of the driver and thus within the proscription of the legislature, such an assumption would not answer the problem here presented.

"The principal evils sought to be cured by the statute arise in this way: A driver has been convicted of a criminal offense in connection with a traffic accident. In addition, he is sued civilly with respect to the same accident. There is a danger that the civil jury might, if permitted, consider the criminal conviction as evidence of negligence in the civil action, or, in civil cases, that negligence in a prior case will be regarded as evidence of negligence in a later case. These, principally, are what the

statute seeks to prevent. 3 Wigmore, Evidence (3d ed), § 987.

"We do not have such a case. Here the suit is brought not against the driver himself but against his employer on a totally different theory: his personal negligence in entrusting the operation of a truck to a person totally incompetent to handle it. See *Tanis* v. *Eding*, 265 Mich 94. Section 213 of the Restatement of Agency (2d), states the principle relied upon in the following terms:

" 'A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:  *  *  *

" '(b) in the employment of improper persons or instrumentalities in work involving risk of harm to others.' "

The majority finding in *Elliott* that there is danger that "negligence in a prior case will be regarded as evidence of negligence in a later case," and is a danger "the statute seeks to prevent," is in sharp contrast with appellant's untenable position that "following the introduction of such evidence in this case, the jury should be instructed that the past record of the driver has no bearing upon his negligence in this particular accident, but that it is to be considered solely in determining whether or not the owner was negligent in entrusting the vehicle to him. This would allow the evidence for its proper purpose, but uphold the statute making such evidence inadmissible against the defendant driver."

Such an instruction would not accomplish the purpose appellant claims for it, namely, insuring that the jury will not "consider the past record of the driver" as "bearing upon his negligence in this particular accident."

We did not rule on the question presented in this appeal in *Elliott,* and the "opinion" I dissent from

does not contradict this statement, as is disclosed by the paragraph in the "opinion" calling attention that *Elliott* merely allowed the jury to determine an employer's negligence in employing an unfit truck driver; that the action was "solely against the employer and not against the employee truck driver," and with a conclusion that we should go further in the present case now before us than we did in *Elliott* by the statement that "We do not conceive the rule there laid down to be confined solely to the employer-employee relationship."

Appellant failed to disclose any reason why we should reverse the trial judge and the denial of the motion should be affirmed.

The "opinion" seeks to have this Court carry on from *Elliott's* "employer-employee relationship" rule and for the first time include facts and relationships such as are presented in this appeal.

Before commenting upon the inadvisability of adopting such a course, I want to make it clear that if the majority so decide, I believe it would be unfair to claim the trial court erred in not anticipating in advance such a departure from the past.

The "opinion" endeavors to reconcile such action with the provisions of the statute by adopting a different interpretation of the statute than we did in *Elliott,* as is disclosed by the following from the "opinion":

"Is the language of the statute so broad as to bar all evidence with regard to a driver's past actions? We think not. The statute directs itself to 'evidence of the conviction' and nothing further. Conviction implies, and, in fact, is *a judgment* with regard to an occurrence that has taken place. This is undoubtedly the reason for the statutory prohibition. However, *the facts* of past occurrences are not barred by the statute."

I cannot subscribe to a construction that the legislature deemed it necessary to prevent proof of a "judgment with regard to an occurrence that has taken place" by a duly authorized judicial officer after a fair hearing but saw no danger in allowing the jury in a subsequent civil case to review all of the facts connected with a previous accident, and I contrast the new construction in the "opinion" with the more logical interpretation in *Elliott*, namely, that the statute seeks to prevent the possibility that evidence in a prior case will be considered as evidence in a later case.

The "opinion" grants to appellant the right to introduce proofs requested in her amendment and that includes proof that defendant driver "had been involved in prior accidents." What is meant by this word "involved?" Does it mean the driver was at fault, or can it mean he was driving 1 of the automobiles that collided with another automobile? Are we approving a new type of trial where we call upon a jury to decide in 1 hearing responsibility for 2 or more accidents separated by 1 week, 1 month, or a period of time?

The legislative mandate,* using terms "any person," "any court," "any civil action," is very definite and very broad. Any change in this mandate should come from the legislature and not by judicial legislation. The trial court's denial of plaintiff's motion to amend did not constitute a failure to use discretion or an abuse of discretion.

The order should be affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, J., concurred with KELLY, J.

O'HARA, J., took no part in the decision of this case.

---

* CLS 1956, § 257.731 (Stat Ann 1960 Rev § 9.2431).—REPORTER.