·SWEEZEY *v.* STATE HIGHWAY COMMISSION.

CARL *v.* SAME.

1. Certiorari—Abolition.
     The Supreme Court, by court rule, has abolished the writ of certiorari (Const 1963, art 6, § 5; GCR 1963, 16, 711.3).

2. Same—Superintending Control.
     Order of superintending control has superseded the writ of certiorari (Const 1963, art 6, § 5; GCR 1963, 16, 711.3).

References for Points in Headnotes
[1, 2] 14 Am Jur 2d, Certiorari § 4; 20 Am Jur 2d, Courts § 65; 4 Am Jur 2d, Appeal and Error § 4.
[3] 4 Am Jur 2d, Appeal and Error § 146.
[4] 5 Am Jur 2d, Appeal and Error § 1009.

3. Eminent Domain—Determination of Necessity—Judicial Review.

 Judicial review of determination of necessity for taking of property for highway purposes by State highway commission *held*, to be properly sought by complaint for superintending control in circuit court (CL 1948, § 213.197; GCR 1963, 16, 711.3).

4. Costs—Public Question—Determination of Necessity.

 No costs are awarded on appeal by plaintiff from order of trial court dismissing complaint for superintending control, sought to review determination of necessity in taking property for highway purposes by State highway commission, a public question being involved (Const 1963, art 6; CL 1948, § 213.197; GCR 1963, 16, 711.3).

Appeal from Branch; Andrews (Mark S.), J.  Submitted Division 3 March 10, 1966, at Grand Rapids. (Docket Nos. 1,046, 1,047.)  Decided November 9, 1966.

Complaint by Josephine S. Sweezey against the Michigan State Highway Commission and Howard E. Hill, State Highway Director, for superintending control.  (No. 1,047.)  Similar complaint against same defendants by Lester R. Carl, Jr., and Annice Carl, Calvin F. Carl and Jacqueline Carl, Stanley E. Carl, and Clayton M. Carl.  (No. 1,046.)  Complaints dismissed on motion for accelerated judgment.  Plaintiffs appeal.  Reversed and remanded for further proceedings.

*Wilcox & Robison,* for all plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso,* and *Florence N. Clement,* Assistant Attorneys General, for defendant.

Per Curiam.  These consolidated cases revolve about an attempt to challenge a determination of

necessity by the Michigan State highway commission for the taking of property for State highway purposes.   Plaintiffs invoked the method of using a complaint seeking the circuit court's power of superintending control over inferior courts and tribunals rather than by the method of certiorari which defendants claim is the proper procedure.

The question before us is whether it was error for the circuit court to dismiss plaintiff's complaint for superintending control for judicial review of the commission's determination of necessity or whether certiorari remains the proper method of review.

Plaintiffs contend that the certiorari provisions of PA 1925, No 352, § 27, as amended,* have been superseded by GCR 1963, 711.3, and that compliance with section 27 is no longer required.

Defendants contend that section 27 requirements are not changed and that GCR 1963, 711.3, is not applicable because the circuit court has no power of superintending control over the commission's action in making a determination of necessity.

The statute with which we are concerned (CL 1948, § 213.197 [Stat Ann 1958 Rev § 8.198]) reads as follows:

"Any proceeding taken under the provisions of this act shall be subject to review upon certiorari. The procedure therefor shall be the same as is required in case of certiorari to review judgments rendered by judges of the circuit courts: Provided, That the application for certiorari must be filed within 20 days after the report of the court commissioners shall have been confirmed:

And provided further, That the determination of necessity provided in section 4 of this act may be reviewed by certiorari only within 10 days after

---

* CL 1948, § 213.197 (Stat Ann 1958 Rev § 8.198).—REPORTER.

such determination of necessity and the procedure shall be the same as review of judgments rendered by a justice of the peace, except that such certiorari may be heard by the court during term or at chambers upon 5 days' notice given to the opposing party."

The court rule with which we are concerned, GCR 1963, 711.3, reads as follows:

"Writs Superseded by Order of Superintending Control. The following writs are superseded and an order of superintending control shall be used in their place:
(1) Certiorari
(2) Mandamus, when directed to an inferior tribunal or officer thereof; and
(3) Prohibition."

Even a superficial reading of these two passages reveals the dichotomy which faces the Court. Certiorari is called the proper remedy in one breath; it is superseded in another.

Overriding this all, however, and the keystone to the resolution of the problem is Const 1963, art 6, § 5, which states:

"The Supreme Court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state."

A plain reading of the court rule quoted, *supra,* leads us to but one inexorable conclusion: the Supreme Court, by court rule, in implementing the constitutional provision, *supra,* has abolished the writ of certiorari. There is no qualification, there is no equivocation, and by *fiat* certiorari is abolished and an order of superintending control supersedes it.

Regardless of the label placed on the commission in this action, be it "inferior tribunal" or whatever,

the result here must be the same for the reason that certiorari has been superseded without reservation.

Further bolstering this interpretation is GCR 1963, 16, stating, "Rules of practice set forth in any statute, not in conflict with any of these rules, shall be deemed to be in effect until superseded by rules adopted by the Supreme Court."

The recent case of *Perin* v. *Peuler* (1964), 373 Mich 531, reiterates the proposition that the Court is constitutionally empowered to establish its own rules of practice and procedure.

It appearing that plaintiffs proceeded in the manner which a plain reading of the statutes, court rules, and Constitution dictates, it was error to dismiss their complaint for superintending control. Accordingly, it is reinstated and the matter remanded to the circuit court for such amendments as may be necessary for them to perfect their complaint so that the matter may proceed.

No costs, a public question being involved.

FITZGERALD, P. J., and BURNS and J. H. GILLIS, JJ., concurred.