ANDERSON *v.* STATE HIGHWAY COMMISSION.

1. EMINENT DOMAIN—DETERMINATION OF NECESSITY—JUDICIAL REVIEW.
    Complaint for superintending control *held,* proper method to obtain judicial review of determination of necessity for taking of property for highway purposes by State highway commission, under authority of *Sweezey* v. *State Highway Commission,* 5 Mich App 34.

2. COSTS—PUBLIC QUESTION—DETERMINATION OF NECESSITY.
    No costs are awarded on appeal by plaintiff from order of trial court dismissing complaint for superintending control, sought to review determination of necessity in taking property for

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 146; 26 Am Jur 2d, Eminent Domain §§ 111–113; 27 Am Jur 2d, Eminent Domain § 404.
[2] 5 Am Jur 2d, Appeal and Error § 1009.

highway purposes by State highway commission, a public question being involved (Const 1963, art 6; CL 1948, § 213-.197; GCR 1963, 16, 711.3).

Appeal from Kent; Vander Ploeg (Claude), J. Submitted Division 3 April 6, 1966, at Grand Rapids. (Docket No. 1,291.)   Decided November 9, 1966.

Complaint by Thomas D. Anderson, Sr., and Roberta L. Anderson against the Michigan State Highway Commission for superintending control. Complaint dismissed on motion for accelerated judgment. Plaintiffs appeal. Reversed and remanded for further proceedings.

*Thomas D. Anderson, Jr.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *Eugene F. Townsend, Sr.,* Assistant Attorneys General, for defendant.

PER CURIAM: The late Judge WATTS took part in the oral presentation of this case, but did not participate in the final preparation of the opinion.

The procedural question before us on appeal being identical with that in *Sweezey* v. *State Highway Commission (Carl* v. *State Highway Commission),* 5 Mich App 34 (*i.e.* whether GCR 1963, 711.3 supersedes the certiorari provisions of PA 1925, No 352, as amended), it is the opinion of the Court that *Sweezey* controls and accordingly this case is remanded to the circuit court for reinstatement of plaintiff's complaint for superintending control with leave to amend if required.

No costs, a public question being involved.

BURNS, P. J., and FITZGERALD, J., concurred.